IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANNY DEAN,                                                                                    PLAINTIFF

vs.                                    Civil No. 6:25-cv-06046

FRANK BISIGNANO,                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Danny Dean ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct the proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 8.) Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed his disability application on June 27, 2022. (Tr. 18.) [1] In this application, Plaintiff alleged being disabled due to major depressive disorder, anxiety disorder, panic attacks, high blood pressure, chronic back pain, insomnia, left eye total blindness, and migraine headaches.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

1

(Tr. 244.) Plaintiff alleged an onset date of June 18, 2021. (Tr. 18.) Plaintiff's application was denied initially on March 10, 2023, and again upon reconsideration on July 12, 2023. *Id*.

Plaintiff requested an administrative hearing on his denied application, and this request was granted. (Tr. 18.) An Administrative Law Judge ("ALJ") conducted the hearing on April 8, 2024. (Tr. 40-67.) At this hearing, Plaintiff was present and represented by Hans Eric Pullen. *Id*. Plaintiff and Vocational Expert ("VE"), Saretha Bonner, both testified at the hearing. *Id*.

On May 30, 2024, the ALJ entered an unfavorable decision. (Tr. 18-32.) In this decision, the ALJ determined the claimant meets the insured status requirements of the Social Security Act through September 30, 2027. (Tr. 20, Finding 1.) The claimant has not engaged in substantial gainful activity since June 18, 2021, the alleged onset date. (Tr. 20, Finding 2.)

The ALJ then determined Plaintiff had severe impairments of lumbar degenerative disc disease and spondylosis, left eye blindness, anxiety, depression, panic disorder, mild neurocognitive disorder, and morbid obesity. (Tr. 20, Finding 3.) Despite being severe, the ALJ determined the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 21, Finding 4.)

The ALJ determined Plaintiff had the Residual Functional Capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b), except he can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He can occasionally stoop, crouch, kneel, and crawl. He must avoid concentrated exposure to excessive vibration. He must avoid all exposure to unprotected heights and hazardous machinery and is limited to mono vision. He can use judgment to make simple work-related decisions. He can maintain concentration, persistence, and pace for simple tasks. He can understand, carry out and remember simple work instructions and procedures. He can adapt to changes in the work setting [that] are simple, predictable and can be easily explained. He is limited to occasional interaction with co-workers, supervisors, and the public.

(Tr. 24, Finding 5.) The ALJ determined that Plaintiff is unable to perform any past relevant work. (Tr. 30, Finding 6.) Additionally, the ALJ determined that transferability of job skills is not material to the disability determination because the claimant is "not disabled," whether or not the claimant has transferable job skills. (Tr. 31, Finding 9.) Finally, the ALJ determined that considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as Router with 22,000 jobs in the national economy and Marker with 165,000 jobs in the national economy. (Tr. 31, Finding 10.) Based upon these findings, the ALJ determined Plaintiff had not been disabled under the Act during the time between June 18, 2021, and the date of the decision, May 30, 2024. (Tr. 32, Finding 11.)

On May 8, 2025, Plaintiff filed the present appeal. (ECF No. 2.) Both parties have filed appeal briefs. (ECF Nos. 15, 22.) This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age,

education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

### 3. Discussion:

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in finding Plaintiff did not meet Listings 12.04 and 12.06 and (2) the ALJ's RFC of the Plaintiff is not supported by the substantial evidence included in Plaintiff's claim. (ECF No. 15.) In response, Defendant argues the ALJ did not err in any of his findings. (ECF No. 22.)

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The ALJ is not required to discuss every diagnosis or piece of evidence in the record, and "failure to cite specific evidence does not indicate that it was not considered." *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). Here, the ALJ based his opinion on medical records from ten

different medical providers. (Tr. 27-30.) Therefore, the Court holds that the ALJ based his opinion off substantial evidence both in determining whether Plaintiff met the Listing requirements and in determining the RFC.

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court concludes Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of February 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE